UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIANA G. SHRUBSHALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| RED CATS, USA, | § | SA-09-CV-0991 FB |
| | § | |
| Defendant. | § | |

### ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

This order addresses defendant Red Cats's motion for more definite statement.[1] In its motion, Red Cats complained that plaintiff Diana G. Shrubshall's complaint is so vague it cannot answer. In response, Shrubshall insisted that she has provided enough clarification for this case to proceed.[2] After considering Shrubshall's complaint and her response, I grant Red Cats's motion.

Rule 12(e) permits a defendant to ask for "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[3] A motion for a more definite statement is a disfavored motion, but a complaint must at least "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[4] Shrubshall's complaint does not give Red Cats fair notice of

---

[1] Docket entry # 18.

[2] Docket entry # 22.

[3] Fed. R. Civ. P. 12(e).

[4] *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (*Twombly's* citations omitted).

what her claim is and the grounds upon which her claim rest.

Shrubshall's complaint indicates she desires to sue Red Cats for employment discrimination under Title VII of the Civil Rights Act,[5] but in her response to the court's show-cause order indicates she actually seeks to sue Red Cats for disability discrimination under the Americans with Disabilities Act.[6]  Shrubshall, however, has not amended her complaint to reflect disability discrimination as the basis for her claim.  Because Red Cats cannot be expected to answer a claim that is not reflected in a complaint, I GRANT Red Cats's motion (docket entry # 18) and ORDER Shrubshall to file an amended complaint not later than April 28, 2010.  Shrubshall may use the complaint form for pro se plaintiffs available from the Clerk of Court or she may draft a complaint.  Either way, Shrubshall must include the details elicited through the complaint form available from the Clerk of Court in her amended complaint.  In particular, Shrubshall must identify the specific disability that serves as the basis of her claim.  If Shrubshall fails to submit an amended complaint by April 28, 2010, I will recommend dismissing this case for failure to prosecute and/or failure to comply with a court order.[7]

I also direct Shrubshall to familiarize herself with the procedural rules governing civil lawsuits in federal court—the Federal Rules of Civil Procedure.[8]  Compliance with the rules is

---

[5]Docket entry # 11.

[6]Docket entry # 7; docket entry # 5, p. 13.

[7]*See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

[8]The Federal Rules of Civil Procedure are available on the court's website, http://www.txwd.uscourts.gov, by clicking on "rules."

mandatory. Under the rules, a party to a lawsuit must comply with the court's scheduling order deadlines, make initial disclosures under Rule 26, submit to a deposition under Rule 30, answer interrogatories from the other party under Rule 33, produce documents requested under Rule 34, and respond to requests for admission under Rule 36. If a party fails to comply with these requirements, the court may sanction the party under Rule 37, to include holding the party in contempt of court. I further direct Shrubshall to familiarize herself with the Local Rules for this district. Under the local rules, Shrubshall must file a response within eleven days of service of the motion.[9] "If there is no response filed within the time period prescribed by th[e] rule[s], the Court may grant the motion as unopposed."[10] The Western District of Texas has also promulgated a manual for pro se litigants which is available at http://www.txwd.uscourts.gov/prose/docs/prosemanual.pdf. The complaint form referenced above is found in this manual, as is other information useful for pro se litigants.

    **SIGNED** on April 14, 2010.

 

                                      */s/ Nancy Stein Nowak*
                                      NANCY STEIN NOWAK
                                      UNITED STATES MAGISTRATE JUDGE

---

[9] *See* Local Rule CV-7(d) ("If any party opposes a motion, the respondent shall file a response and supporting documents as are then available within eleven (11) days of service of the motion. The response shall contain a concise statement of the reasons and opposition to the motion and citations of the specific legal authorities upon which the party relies. The response is limited to ten (10) pages unless otherwise authorized by the Court. If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed.").

[10] *Id*. The Local Rules are available on the court's website, http://www.txwd.uscourts.gov, by clicking on "rules."