UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIANA G. SHRUBSHALL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| RED CATS, USA, | § § | SA-09-CV-0991 FB |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**

**TO:**  Honorable Fred Biery
       **Chief United States District Judge**

This report and recommendation addresses the pending motion to dismiss.[1]  I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2]  After reviewing the parties' submissions and the applicable law, I recommend dismissing this case for failure to state a claim upon which relief may be granted.

**Nature of the case**.  Plaintiff Diana Shrubshall seeks to sue her former employer—Red Cats, USA—under the Americans with Disabilities Act (ADA) for unlawful discrimination in employment based on diabetes.  Liberally construed, Shrubshall's pleadings allege she was terminated because of her diabetes.  Red Cats moved to dismiss this claim under Rule 12(b)(6).[3]

---

[1] Docket entry # 32.

[2] Docket entry # 12.

[3] Fed. R. Civ. P. 12(b)(6).

**Standard for a Motion to Dismiss**.  A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[4]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5]

When considering a motion to dismiss, if the motion appears meritorious and a more carefully drafted complaint might cure any deficiencies, the district court must first "give the plaintiff an opportunity to amend his complaint, rather than dismiss it . . . ."[6]

**Whether Shrubshall stated a claim under the ADA**.  Red Cats argued that Shrubshall's allegations do not state a claim under the ADA.[7]  Red Cats complained that "Shrubshall has merely asserted that she had diabetes without pleading any facts to show she is limited in any major life activity by the alleged impairment.  She has not pled any facts to show that she was otherwise qualified to perform the essential functions of the job . . . ."[8]

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to . . . discharge of employees. . . ."[9]  To state a claim under the

---

[4] Fed. R. Civ. P. 12(b)(6).

[5] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

[6] *Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995).

[7] Docket entry # 32, p. 4.

[8] *Id*. at p. 5.

[9] 42 U.S.C. § 12112(a).

ADA, a plaintiff must allege that she is a qualified individual with a disability. The ADA defines "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds . . . ."[10] The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. . . ."[11] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[12]

Shrubshall failed to allege that she is a qualified individual with a disability. Shrubshall did not allege that she is qualified to perform the essential functions of her former position with Red Cats. Shrubshall did not allege that she is disabled. She did not allege that she has a physical or mental impairment that substantially limits a major life activity, she has a record of such an impairment, or Red Cats regarded as being disabled. Instead, she alleged that she has diabetes.[13] Although diabetes is a physical impairment, diabetes does not constitute a disability unless it substantially limits Shrubshall in a major life activity. Shrubshall failed to state a claim under the ADA.

**Whether pleading deficiencies can be cured**. Where the plaintiff has been given an

---

[10] 42 U.S.C. § 12111(8).

[11] 42 U.S.C. 12102 (1).

[12] 42 U.S.C. 12102 (2).

[13] Docket entry # 30.

opportunity to amend her complaint, the court may assume the plaintiff has pleaded her best case.[14] Because Shrubshall is unrepresented, I sought information about Shrubshall's allegations. I initially observed that Shrubshall's proposed complaint alleged discrimination under Title VII. Because Shrubshall identified no basis for suing under Title VII, and because she alleged discrimination on the basis of disability in her EEOC charge of discrimination,[15] I directed Shrubshall to clarify the legal basis for her claim.[16] Shrubshall responded and stated that she sought to sue Red Cats for disability discrimination under the ADA.[17] Subsequently, Red Cats asked for a more definite statement.[18] Because Shrubshall's complaint alleged employment discrimination under Title VII, rather than disability discrimination under the ADA, I granted the motion and directed Shrubshall to file an amended complaint to reflect the correct legal basis for her claim.[19] I instructed Shrubshall to include the details elicited by the pro se complaint form. Despite the instruction, Shrubshall filed another complaint alleging discrimination under Title VII, based on "diabetes."[20] Shrubshall complained about having "high blood sugars" due to work. Because these allegations indicated Shrubshall seeks to sue Red Cats under the ADA, I

---

[14]*Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985). *See Dark v. Potter*, 293 Fed. App'x 254, 257 (5th Cir. 2008) (applying the rule to a pro se plaintiff's complaint and stating, "this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint").

[15]Docket entry # 5, p. 13.

[16]Docket entry # 6.

[17]Docket entry # 7.

[18]Docket entry # 18.

[19]Docket entry # 24.

[20]Docket entry # 30.

issued an order construing Shrubshall's complaint as a claim under the ADA based on diabetes.[21] Red Cats responded by asking the court to dismiss Shrubshall's claim for failing to state claim.[22] I admonished Shrubshall about the necessity of responding to the motion and advised her to specifically respond to Red Cats's arguments.[23] In response, Shrubshall stated only that she suffered illness and was hospitalized.[24] She did not address the arguments in Red Cats's motion. Shrubshall provided no details about her claim. She did not seek to amend her complaint. She did not claim to be a qualified individual with a disability. Shrubshall's responses to my efforts to clarify her claim demonstrate that an amended pleading will not cure Shrubshall's pleading deficiencies. She has pleaded her best case. That case fails to state a claim.

**Recommendation**. Red Cats is entitled to dismissal of Shrubshall's claim because Shrubshall failed to plead enough facts to state a claim to relief that is plausible on its face. Denying Red Cats's motion would require the court to speculate that Shrubshall was qualified to perform her former job and that Shrubshall's diabetes is disabling. In the absence of allegations that Shrubshall is a qualified individual with a disability, I recommend granting Red Cats's motion (docket entry # 32) and dismissing Shrubshall's claim. The court not need to give Shrubshall an opportunity to amend her complaint because Shrubshall's previous efforts to clarify her claim did not cure pleading deficiencies.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

---

[21] Docket entry # 31.

[22] Docket entry # 32.

[23] Docket entry # 33.

[24] Docket entry # 34.

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[25] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[26]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[27]

   **SIGNED** on July 27, 2010.

                                             _____
                                             NANCY STEIN NOWAK
                                             UNITED STATES MAGISTRATE JUDGE

---

[25] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[26] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[27] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).